**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Scott,  Plaintiff,  v.  Ventura County Employees Retirement Association, et al.,  Defendants. | No. CV-20-08166-PCT-DLR  **ORDER** |

Before the Court are Ventura County Employees' Retirement Association's ("VCERA") and Anne Rooney's motions to dismiss, which are fully briefed.[1] (Docs. 6,7, 10, 12, 13.) For the following reasons, the Court will grant the motions.

**I. Background**

This action arises from a dispute surrounding entitlement to the retirement and death benefits of the late Thomas Rooney ("The Benefits"). As a long-devoted employee of the County of Ventura, California, Mr. Rooney was an active member of VCERA, a California public entity that provides lifetime retirement and death benefits for eligible employees in Ventura County. (Doc. 1 at 2.) Mr. Rooney contributed to his retirement plan throughout his employment. He and his wife, Ms. Rooney, lived in California together from 1995—apart from one year in Nevada—until they separated in December 2016. On June 6, 2018,

---

[1] Ms. Rooney's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)*; Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

the Ventura County Superior Court entered a Judgment of Dissolution of Marriage that ordered Mr. Rooney to name Ms. Rooney as the sole beneficiary of The Benefits. (Doc. 1-2 at 7-14.) Instead, Mr. Rooney began a relationship with Lisa Scott—with whom he began cohabitating in Oxnard, California in August 2018—and named her as the sole beneficiary to The Benefits. (Doc. 6-1 at 8, 11.) On January 18, 2019, Mr. Rooney and Ms. Scott entered a domestic partnership. (Doc. 6-3 at 2.) On July 5, 2019, Mr. Rooney submitted an electronic request that VCERA change his address from the one in Oxnard, California, to a new address in Prescott Valley, Arizona where he relocated with Ms. Scott. (Doc. 6-1 at 14.) Mr. Rooney retired effective July 13, 2019. Beginning on August 30, 2019, VCERA deposited Mr. Rooney's monthly retirement benefit into a bank account with a Nevada routing number.

On May 4, 2020, Mr. Rooney died. On May 5, 2020, Ms. Rooney—still residing in California—contacted VCERA's death unit, reported Mr. Rooney's death, and identified herself as the beneficiary to The Benefits. Similarly, on May 20, 2020, Ms. Scott contacted VCERA's death unit from Arizona, reported Mr. Rooney's death, and identified herself as the beneficiary to The Benefits. On May 22, 2020, VCERA sent a letter to Ms. Rooney and Ms. Scott informing them that it would hold The Benefits for 30 days to allow them to obtain the necessary court orders or to reach an agreement regarding the competing claims ("The Letter"). (Doc. 1-2 at 2-3.) VCERA underscored that it would interplead the funds with the Ventura County Superior Court if no action was initiated or agreement made within the period. (*Id.*) On May 28, 2020, Ms. Rooney called Ms. Scott to explain her position relative to The Benefits and proposed settlement. No settlement was reached. On June 5, 2020, Ms. Scott sent an email to VCERA, requesting an expedited determination of entitlement to The Benefits. (*Id.* at 5.) VCERA responded by email, reiterating its position. (Doc. 6-1 at 21.)

On June 11, 2020, Ms. Rooney filed a request for determination of rights and distribution of The Benefits in Ventura County Superior Court Case No. D385394 (the "California Action"), the same case as the Rooney divorce proceedings. Ms. Scott, by

counsel, appeared in the California Action. VCERA also joined the California Action as a party on June 10, 2020. On July 8, 2020, the Ventura County Superior Court exercised jurisdiction over the benefit-entitlement dispute and enjoined VCERA from distributing The Benefits pending further order. (Doc. 6-4.) The California Action, which runs parallel to this action, remains pending.

On July 8, 2020—the same day as the Ventura County Superior Court issued its order—Ms. Scott filed her complaint in this matter. (Doc. 1.) Her complaint brings the following counts: (1) "breach of obligation to pay retirement and death benefits" against VCERA, (2) declaratory relief,[2] and (3) interference with contractual relations against Ms. Rooney. (*Id.*) On July 29, 2020 and July 30, 2020, respectively, VCERA and Ms. Rooney filed separate motions to dismiss alleging, *inter alia*, lack of personal jurisdiction. (Docs. 6, 7.) The motions are now ripe.

**II. Legal Standard**

A plaintiff bears the burden of establishing that jurisdiction is proper when faced with motions to dismiss for lack of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted). If the Court, as here, decides the motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of the jurisdictional facts and "[c]onflicts between the parties over statements contained in affidavits must be resolved in plaintiff's favor." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Personal jurisdiction may be general or specific.[3] *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). To establish specific personal jurisdiction over a non-resident defendant, the following three prong test must be met: (1) the defendant purposefully directed its activities or consummated some transaction with the forum or a resident thereof; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable so as to comport

---

[2] The Court reminds Ms. Scott that declaratory relief is not a cause of action, but rather a remedy.
[3] Because Ms. Scott does not contest that general jurisdiction is lacking in her response, (Doc. 10), the Court concentrates its analysis on whether specific personal jurisdiction exists.

with fair play and substantial justice. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 112 (9th Cir. 2002). The plaintiff has the burden of proving the first two prongs. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff is successful, the burden shifts to defendant to show that being subject to the jurisdiction of the forum state would be unreasonable. *Id.*

**III. Discussion**

The Court lacks personal jurisdiction over both VCERA and Ms. Rooney. Ms. Scott does not dispute that the Court lacks general jurisdiction over Defendants and fails to identify any proper basis for the Court to exercise specific jurisdiction over either party.

Turning first to VCERA, Ms. Scott contends that the first prong of the specific jurisdiction test is met because of two actions: (1) "VCERA contacted her in Arizona and took the intentional action of . . . refus[ing] to honor her facially valid claim for benefits" and (2) "VCERA. . . took action in California that was aimed at adversely affecting Plaintiff here in Arizona." (Doc. 10 at 2.) Looking to the first action, VCERA "contacted" Ms. Scott when it sent The Letter to her Arizona address and when it responded by email to Ms. Scott's subsequent request for an expedited determination of entitlement to The Benefits. "[T]he sending of letters to the forum state [is] legally insufficient to enable the court to exercise personal jurisdiction over [a] non-resident defendant." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985). Looking to the second action, Ms. Scott argues specific jurisdiction is appropriate because VCERA "caused an effect—the denial and deprivation of benefits—that adversely impacts and harms [Ms. Scott] in Arizona, and which [it] knew would adversely affect her in Arizona." (Doc. 10 at 5.) The Supreme Court has rejected similar plaintiff-centric analyses that shift the focus from the defendant's contact with the forum to the defendant's contact with the plaintiff. *Walden v. Fiore*, 571 U.S. 277, 289 (2014) ("Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections. Such reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional

analysis."). Consequently, neither action alleged by Ms. Scott satisfies the first prong of the specific jurisdiction test as to VCERA, and the analysis stops.

Ms. Scott's jurisdictional arguments as to Ms. Rooney are similar to those made regarding VCERA. She contends that the first prong of the specific jurisdiction test is met because of two actions taken by Ms. Rooney: (1) on May 6, 2020, she contacted VCERA, requesting The Benefits and (2) on May 29, 2020, she called Ms. Scott. Looking to the first action, Ms. Scott argues that Ms. Rooney's attempt to secure The Benefits for herself by contacting VCERA on May 6, 2020—"with the intent and result of targeting an Arizona resident"—established the necessary contacts with Arizona, merely because Ms. Scott was allegedly harmed in Arizona by the attempt. Again, during its specific-jurisdiction-analysis, the Court looks to the defendant's contact with the forum, not the defendant's contact with the plaintiff, or the plaintiff's contact with the forum. *Walden*, 571 U.S. at 290 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."). The mere fact that Ms. Rooney contacted VCERA in California, and Ms. Scott—residing in Arizona—was incidentally impacted by that communication, falls far short of the forum-contact necessary to meet the first specific jurisdiction prong. The second action—Ms. Rooney's phone call to Ms. Scott—is equally insufficient. Any connection to Arizona arising from the phone call occurred only because Ms. Scott incidentally resided in Arizona when Ms. Rooney called her. Specific jurisdiction does not exist where "[a]ny links to Arizona, which included Defendant['s] communications with Plaintiff[] occurred only because it happened to be where Plaintiff[] resided." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1144 (9th Cir. 2017). In sum, neither action alleged by Ms. Scott satisfies the first prong of the specific jurisdiction test as to Ms. Rooney, and the Court's analysis stops.

In a final effort to salvage her complaint, Ms. Scott requests to amend her complaint and to engage in jurisdictional discovery. The Court has explained its procedure for requesting leave, which Ms. Scott has not followed. (Doc. 5 at 2.) Further, the parties met and conferred on the motions to dismiss, Defendants noting the complaint's failure to

establish personal jurisdiction, yet Ms. Scott neither attempted to correct the jurisdictional deficiencies nor expressed any intention to amend her complaint in the future. In addition, Ms. Scott has not explained how amendment could save her complaint, despite ample opportunity to do so in her response. Similarly, she has done no more than speculate that additional jurisdiction allegations exist that could save her claims. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (denying jurisdictional discovery when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts."). The Court will therefore dismiss her complaint without leave to amend or an opportunity to conduct jurisdictional discovery.

**IT IS ORDERED** that Defendants' motions to dismiss (Docs. 6, 7) are **GRANTED**. The Clerk of Court is directed to terminate the case.

Dated this 25th day of September, 2020.

Douglas L. Rayes
United States District Judge